1

2

3

4

5

6

7

8

9

10

11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 12  KULWINDER SINGH,                              ) | 1:07-cv-00192-OWW WMW HC |
| 13             Petitioner,                        ) | FINDINGS AND |
| 14       vs.                                      ) | RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF |
| 15                                                ) | HABEAS CORPUS |
| 16  ALBERTO R. GONZALEZ,                          ) | |
| 17             Respondent.                        ) | [Doc. 8] |
| 18  _____      ) | |

19

20

21          Petitioner is a former federal prisoner proceeding pro se on a petition for writ of

22   habeas corpus pursuant ton 28 U.S.C. Section 2241.  On March 19, 2007, the court entered

23   an order denying Petitioner's motion for appointment of counsel.  On March 23, 2007, the

24   copy of that order served on  Petitioner was returned by the United States Postal Service with

25   a notation that Petitioner was out of custody.  On May 1, 2007, Respondent filed a motion to

26   dismiss this petition on the ground of mootness.

27

28

1    The case or controversy requirement of Article III of the United States  Constitution

2    deprives the court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler,

3    464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of

4    Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues

5    presented are no longer 'live' or the parties lack a legally cognizable interest in the

6    outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal

7    Court is "without power to decide questions that cannot affect the rights of the litigants

8    before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per*

9    *curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-

10   464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have

11   suffered some actual injury that can be redressed by a favorable judicial decision."  Iron

12   Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S.

13   26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

14   The court may take judicial notice of facts that are capable of accurate and ready

15   determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R.

16   Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial

17   notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.

18   1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887

19   F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738

20   (6th Cir. 1980).

21   A petition for writ of habeas corpus is rendered moot when the petitioner is released

22   from custody, unless the petitioner is able to demonstrate that some collateral, ongoing

23   consequence would result without habeas relief.  See Spencer v. Kemma, 523 U.S. 1, 14

24   (1998).  Here, no such collateral consequence is alleged.  Accordingly, the court finds that

25   this petition has been rendered moot.

26   Based on the foregoing, IT IS HEREBY RECOMMENDED that this petition for writ

27

28

1   of habeas corpus be DISMISSED as moot.

2          These Findings and Recommendation are submitted to the assigned United

3   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

4   Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

5   District of California.  Within thirty (30) days after being served with a copy, any party may

6   file written objections with the court and serve a copy on all parties.  Such a document

7   should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

8   Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days

9   if served by mail) after service of the objections.  The court will then review the Magistrate

10  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to

11  file objections within the specified time may waive the right to appeal the District Court's

12  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13

14  IT IS SO ORDERED.

15  **Dated:    May 7, 2007**                    /s/  **William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28                                          3